IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1997 SESSION

FILED

October 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9604-CR-00140 |
| Appellee, | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Ann Lacy Johns |
| ANTHONY DARDEN, | ) | |
| | ) | (Poss. controlled sub. w/ int. to sell) |
| Appellant. | ) | |

For Appellant:

John E. Rodgers, Jr.
Lackey, Rodgers, Price & Snedeker
Suite 1230, First American Center
315 Deaderick Street
Nashville, TN. 37238-1230

For Appellee:

Charles W. Burson
Attorney General and Reporter

Daryl J. Brand
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN. 37243

Victor S. Johnson III
District Attorney General
Suite 500, Washington Square Building
222 Second Avenue North
Nashville, TN. 37201

Dan Hamm
Assistant District Attorney General
Suite 500, Washington Square Building
222 Second Avenue North
Nashville, TN. 37201

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Anthony Darden, appeals the sentences he received in the Criminal Court, Division III, of Davidson County. The appellant pled guilty and was sentenced on two counts of possession with intent to sell .5 grams or more of a substance containing cocaine, a Class B felony, and one count of selling less than .5 grams of a substance containing cocaine, a Class C felony.[1] The trial court sentenced the appellant, as a range I standard offender, to serve ten years in the Department of Correction and to pay the minimum mandatory two thousand ($2000) dollar fine for each count of possession with intent to sell .5 grams or more of cocaine, and to serve five years for the selling of less than .5 grams of a substance containing cocaine. The sentences were ordered to run consecutively for an effective sentence of twenty five years.

On appeal, the appellant contends that the trial court erred in its application of several enhancement factors and in ordering his sentences to run consecutively. After a review of the record, we find no error and affirm the judgment of the trial court.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. The presumption of correctness is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

At the sentencing hearing, the trial court applied the following enhancement factors to the appellant's sentences: 1) the appellant's prior criminal history; 2) the appellant's leadership in the commission of a crime involving two or more criminal actors; 3) the appellant's lack of hesitation in committing a crime when the risk to

---

[1]The appellant's guilty pleas on these counts came pursuant to a plea agreement with the State in which the State agreed to drop counts one and three of the indictment in case no. 94-A-304, charging the appellant with contributing to the delinquency of a juvenile and simple possession of marijuana.

human life was high; 4) the appellant's commission of the crime under circumstances in which the potential for bodily injury to a victim was great; and 5) the appellant's commission of felonies while on release by bail. See Tenn. Code Ann. § 40-35-114(1), (2), (10), (13), and (16) (1990).

The appellant first contends that the trial court erred in applying enhancement factor (1). Our review of this issue is limited because the appellant's presentence report was not made a part of this record on appeal. The record, however, contains evidence of the appellant's criminal history as set forth in the Community Corrections Assessment Plan, submitted as Exhibit I. This plan details the appellant's past convictions for criminal trespass, gambling, three counts of assault, and two counts of evading arrest. Additionally, the appellant testified at the sentencing hearing that he has made his living from the sale of drugs. Specifically, the appellant admits that he bought an automobile from money he earned through past drug deals. From this evidence, we find that the trial court properly applied enhancement factor (1) as to the appellant's prior criminal history.

The appellant next contends that the trial court erred in using enhancement factor (2) concerning the appellant's role as a leader in the commission of an offense involving two or more criminal actors. The trial court applied this enhancer to the appellant's drug offense committed on December 17, 1992, listed as count two in case no. 94-A-304. We find evidence in the record that the appellant relied on a juvenile to assist and protect him during this particular drug offense and other past drug deals. That evidence is sufficient to support the trial court's finding that the appellant was a leader in the commission of a criminal offense involving two or more criminal actors. Therefore, the application of enhancement factor (2) was not error.

The appellant next requests this Court to review the trial court's application of enhancement factors (10) and (16) to his three drug offenses. Enhancement factor (10) applies in cases where the defendant had no hesitation about committing a crime when the risk to human life was high. See Tenn. Code Ann. § 40-35-114 (10).

3

Similarly, enhancer (16) applies when the crime was committed under circumstances under which the potential for bodily injury to a victim was great. See Tenn. Code Ann. § 40-35-114 (16). In the appellant's case, the trial court apparently applied enhancers (10) and (16) based upon "the nature and character" of cocaine. There is no evidence that the appellant's drug offenses involved any risk or danger of injury other than the basic nature of cocaine itself. Although this Court considers the possession and selling of cocaine to be abhorrent, we are unable to apply enhancement factors (10) and (16) to these offenses without additional evidence to support a finding that the offenses involved specific risks of danger to human life.

This Court has previously held that "the nature and character" of cocaine alone is not sufficient to warrant the application of enhancers (10) and (16). See State v. Keel, 882 S.W.2d 410, 419-21 (Tenn. Crim. App. 1994), *per. app. denied* (Tenn. 1994); State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993), *per. app. denied* (Tenn. 1993); State v. Timmy Ricker, No. 269, (Tenn. Crim. App. at Knoxville, Jan. 4, 1989), *per. app. denied* (Tenn. 1989). Following these cases, this Court recognizes that the Tennessee General Assembly has already taken into consideration the nature and effect of cocaine when it made cocaine a Schedule II drug and classified cocaine offenses as Class B and C felonies. See State v. Edgar Dean Fox, No. 01-C-01-9402-CC0050 (Tenn. Crim. App., at Nashville, May 18, 1995). Consequently, the trial court should not have applied enhancement factors (10) and (16) to the appellant's cocaine offenses.

The trial court also applied enhancement factor (13) to the appellant's sentences. The trial court found that the appellant committed the September 1993 cocaine offense, listed in case no. 94-A-431, and the June 1994 cocaine offense, listed in case no. 95-A-135, while he was on release by bail. The record on appeal supports the trial court's findings in that regard and, therefore, the trial court properly used factor (13) to enhance the appellant's sentence for the two post-bail counts.

4

Although we find that the trial court incorrectly applied enhancement factors (10) and (16), given the relative strength of the three remaining appropriate enhancement factors, we affirm the length of the appellant's sentences.

The appellant next contends that the trial court erred in ordering his three sentences to run consecutively. The trial court found that the drug offenses charged in indictments 95-A-135 and 94-A-431 were committed while the appellant was out on bail from previous drug charges, listed in case no. 94-A-304. Furthermore, the drug offense charged in case no. 95-A-135 was committed while the appellant was out on bail from the drug charge in case no. 94-A-431.[2]

The issue of consecutive sentencing is governed by Tennessee Code Annotated section 40-20-111(b), which states:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

This court has recently determined that this statute applies equally in cases where defendants are convicted by juries of pre-bail and post-bail offenses and in cases where defendants pled guilty to such offenses. See State v. Kevin Foster, No. 03C01-9510-CC-00337 (Tenn. Crim. App. At Knoxville, June 27, 1996).

The trial court did not err in ordering consecutive sentences. The statute mandates them. The appellant's issue as to consecutive sentencing is without merit.

Although not raised by either party on appeal, there remains a final issue concerning the order in which the appellant must serve his consecutive sentences. At the sentencing hearing, the trial court ordered the ten-year sentence in case no. 94-A-

---

[2]The trial court found that the appellant was originally arrested and given bail on two drug counts and a count of contributing to the delinquency of a juvenile, listed in 94-A-304. While out on bail, the appellant was arrested for the possession with intent to deliver twenty-six grams of cocaine, listed in 94-A-431. The appellant was again released on bail and was later arrested for selling less than .5 grams of cocaine, listed in 95-A-135. The appellant pled guilty to each of the post-bail counts in indictments 95-A-135 and 94-A-431, and he pled guilty to the pre-bail count of possession with intent to sell .5 grams or more of cocaine contained in case no. 94-A-304.

5

304 to run consecutive to the ten-year sentence in 94-A-431 and the five-year sentence in 95-A-135. Additionally, the trial court ordered the five-year sentence in case no. 95-A-135 to run consecutive to the two ten-year sentences in 94-A-304 and 94-A-431. Based upon our review of the record, we find that the appellant must first serve the ten-year sentence in case no. 94-A-304. This sentence covers the first pre-bail offense for which the appellant was charged and convicted in this case. The ten-year sentence in case no. 94-A-431 must run consecutive to the ten-year sentence in 94-A-304. Furthermore, we find that the trial court properly ordered the five-year sentence to run consecutive to the two ten-year sentences. The appellant committed the drug offense in 95-A-135, underlying the five-year sentence, while he was out on bail for the two previous drug offenses in 94-A-304 and 94-A-431.

Based upon the foregoing, the judgment of the trial court is affirmed. Upon remand, the trial court shall review the judgments to ensure that the appellant serves his consecutive sentences in the proper chronological order.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JERRY L. SMITH, Judge

6